**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 11-4656**

UNITED STATES OF AMERICA,

Plaintiff – Appellee,

v.

CHRISTOPHER LADOUGLAS SMITH,

Defendant - Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro.  William L. Osteen, Jr., District Judge.  (1:10-cr-00187-WO-1)

Submitted:  December 15, 2011       Decided:  December 19, 2011

Before GREGORY, SHEDD, and DAVIS, Circuit Judges.

Affirmed in part, dismissed in part by unpublished per curiam opinion.

Todd A. Smith, LAW FIRM OF TODD A. SMITH, Graham, North Carolina, for Appellant. Clifton Thomas Barrett, Assistant United States Attorney, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Christopher LaDouglas Smith appeals from his conviction for distribution of cocaine base and his resulting 180-month sentence, entered pursuant to his guilty plea. On appeal, counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), concluding that there are no meritorious issues for appeal but questioning whether the district court improperly denied Smith's motion for a downward departure. In his pro se supplemental brief, Smith contends that the drug amount for which he was held responsible was incorrect and untimely disclosed. We affirm.

First, Smith asserts that the district court erred in denying his motion for a departure on the basis that his criminal record over-represented his criminal activity. However, we lack the authority to review a district court's denial of a downward departure unless the district court did not recognize its authority to depart. United States v. Brewer, 520 F.3d 367, 371 (4th Cir. 2008). As it is clear that the district court understood its discretion in this matter, we dismiss this portion of the appeal.

Second, Smith contends that there was insufficient evidence supporting the calculation of drug quantity in the presentence report ("PSR") and that it was improper to fail to disclose the amount prior to his plea. However, the quantity in

2

the PSR was based, in large part, on Smith's own statements to law enforcement. At sentencing, Smith admitted these statements and abandoned any argument to the contrary. Moreover, he was given a variance sentence based, in part, on his cooperation with law enforcement. Because Smith did not make an affirmative showing that the PSR's calculation was inaccurate, the district court was free to adopt the findings. United States v. Terry, 916 F.2d 157, 162 (4th Cir. 1990). Moreover, Smith's timeliness claim is meritless as he was informed at his Fed. R. Crim. P. 11 hearing that his Guidelines range had not yet been calculated and could be different from any estimates by counsel.

In accordance with Anders, we have reviewed the entire record in the case, and we find no meritorious issues for appeal. Accordingly, we dismiss Smith's claim that the district court failed to depart and affirm Smith's conviction and sentence. This court requires that counsel inform Smith in writing of his right to petition the Supreme Court of the United States for further review. If Smith requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may motion this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Smith. We dispense with oral argument because the facts and legal contentions are adequately

3

presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED IN PART;
DISMISSED IN PART
